IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY CELESTE BROWN-JENKINS                        PLAINTIFF

v.                  CIVIL NO. 5:17-CV-5204

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                             DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Mary Celeste Brown-Jenkins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on November 20, 2014, alleging an inability to work since July 4, 2013,[2] due to Crohn's disease, hiatal hernia, psoriasis, and arthritis. (Tr. 52, 63). An administrative hearing was held on October 28, 2015, at which Plaintiff and a vocational expert testified. (Tr. 31-50).

By written decision dated August 18, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of short bowel syndrome, fibromyalgia, irritable

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the October 28, 2015, hearing before the ALJ, Plaintiff amended her alleged onset date from June 21, 2013, to July 4, 2013. (Tr. 33).

1

bowel syndrome, osteoporosis, and Crohn's disease. (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 404.1567(c), except that she could only frequently handle and finger on the left. (Tr. 19-22). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was able to perform her past relevant work as an office clerk, a parts salesperson, and a correctional officer. (Tr. 22). Therefore, the ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from November 20, 2014, through the date of the decision. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, and the request was denied on August 16, 2017. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 8th day of February 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE